IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 05-cv-789-WDM-OES

THEODELL McGOWAN,

   Plaintiff,

v.

DENVER PUBLIC SCHOOLS, and
GENE HAMMOND,

   Defendants.

---

**ORDER ON MOTION TO DISMISS COMPLAINT**

---

Miller, J.

This matter is before me on the motion to dismiss the complaint, filed July 26, 2005, by defendant Denver Public Schools (DPS). DPS asserts that Plaintiff's claims under Title VII and the Equal Pay Act are untimely and that Plaintiff has failed to state a valid claim under the Equal Pay Act. Plaintiff, who is proceeding *pro se*, opposes the motion. For the reasons that follow, the motion will be granted.

A Title VII plaintiff must file a complaint within ninety days of receiving notice of his right to use from the Equal Employment Opportunity Commission. 42 U.S.C. § 2000e-5(f)(1). This time period is not a jurisdictional prerequisite to a Title VII suit but rather "a condition precedent to suit that functions like a statute of limitations and is subject to waiver, estoppel, and equitable tolling." *Million v. Frank*, 47 F.3d 385, 389 (10th Cir. 1995). The Tenth Circuit has indicated that "[e]quitable tolling may be appropriate where 'the defendant has actively misled the plaintiff respecting the cause of action, or where the

plaintiff has in some extraordinary way been prevented from asserting his rights. . . .'" *Id.* (quoting *Carlile v. South Routt Sch. Dist. RE 3-J*, 652 F.2d 981, 985 (10th Cir.1981)).

The Notice of Right to Sue attached to Plaintiff's Amended Complaint is dated May 27, 2004.  Plaintiff did not file his original complaint until April 29, 2005,[1] more than ninety days after the Notice was issued.  Accordingly, his Title VII claims were not timely filed.

In his response to the motion to dismiss, Plaintiff asserts that his complaint was timely filed on May 23, 2005.  He does not explain how this date complied with § 2000e-5(f)(1).  Plaintiff does not argue that he was prevented from filing a timely complaint or that other grounds for applying equitable tolling should apply.  Further, Plaintiff's arguments that the EEOC lacked jurisdiction and that his discrimination claims were brought within a two-year statute of limitations are without basis.

With regard to Plaintiff's Equal Pay Act claim, DPS argues the claim must be dismissed because it fails to state a claim upon which relief may be granted and because it was not filed within the two year limitations period of 29 U.S.C. § 255(a).  In his Amended Complaint, Plaintiff asserts that, as a part-time relief driver for DPS, he did not receive the same pay and benefits as full-time relief drivers; he does not specify the gender of these other drivers.

The Equal Pay Act prohibits an employer from paying employees disparate wages on the basis of gender.  29 U.S.C. § 206(d)(1).  A *prima facie* case under the EPA requires

---

[1] There is a document in the record, titled Civil Action 1983 and file-stamped April 25, 2005.  Attached to this page is a copy of a letter from the EEOC to Plaintiff.  Even construing this document as an attempt to file a complaint, it was not timely filed.

evidence that male and female employees received different wages for performing substantially the same work under similar circumstances.  *See, e.g., Sprague v. Thorn Americas, Inc.*, 129 F.3d 1355, 1364 (10th Cir. 1997).  Because Plaintiff does not allege that he was paid less than female workers, he has failed to state a claim under the Equal Pay Act.

Although Defendant Gene Hammond has not appeared in this case and has not joined the motion to dismiss filed by DPS, I conclude the arguments raised by DPS require dismissal of the entire complaint, including the claims against Hammond.

Accordingly, it is ordered:

1. The motion to dismiss, filed July 26, 2005, is granted.
2. This case is dismissed in its entirety.

DATED at Denver, Colorado, on November 7, 2005.

BY THE COURT:


/s/ Walker D. Miller
United States District Judge